FRANCIS P. BOWEN, an Infant, by FRANK L. BOWEN, His Guardian ad Litem, and FRANK L. BOWEN, Respondents, *v.* MAHONEY COAL CORPORATION and THOMAS FITZGERALD, Appellants.

First Department, March 17, 1939.

*Fred L. Gross* of counsel [*John W. Trapp*, attorney], for the appellants.

*George W. Markey, Jr.*, of counsel [*Alexander C. Burlinson* with him on the brief], for the respondents.

PER CURIAM. In the course of his summation in this personal injury action, referring to prior references defendants' counsel had made to an associate of plaintiffs' trial counsel, the latter said: " There he goes again, even in talking to the Court, he still has got a bugaboo about Mr. Silber. I don't know if it is because of Mr. Silber being a Jew, that he continually wants to bring that in or not. It may be because I am a Gentile and Mr. Silber is a Hebrew, but we have been together for many years and we have worked together in good faith and understanding."

Defendants' counsel promptly characterized these remarks as a prejudicial appeal against him to the jury, " some of whose members are members of the Jewish faith." Instead of promptly reprimanding plaintiffs' trial counsel for the wholly improper imputation, the court stated that defendants' counsel in his entire

summation (not reported) " had nothing but Mr. Silber in your mind, so we might as well take the comment that you brought out this." When defendants' counsel asked for an exception, the court stated: " Yes, you may have an exception — two exceptions. Sit down." In its charge the court instructed the jury to " forget any appeal that may have been made to prejudice." In passing upon defendants' motion to set aside the verdict on various grounds, including excessiveness and prejudicial remarks, the trial court wrote an opinion stating that if any prejudicial remarks were in the record they were due principally to the conduct of defendants' counsel and that the record indicates he was, from the outset, set upon obtaining a mistrial.

The opinion of the trial court is entitled to great respect. It is conceded, however, that defendants' counsel had made no reference whatever to the religious affiliations of Mr. Silber and, even assuming the conduct of defendants' counsel had otherwise been provocative, that did not justify the highly prejudicial imputation of religious and racial prejudice deliberately and explicitly made by plaintiffs' trial counsel.

Issues should be tried upon their merits and on the evidence adduced; counsel's summation to the jury should further this end and not deliberately inject into the case prejudicial extraneous matters with a view to influencing the verdict. Although on a review of the entire evidence we find that the verdict in plaintiffs' favor is not contrary to the weight of the evidence, it is impossible to tell how far this prejudicial imputation may have influenced the jury either on the issue of liability or the amount of damages, and, accordingly, on this ground alone, we have determined to reverse this judgment in plaintiffs' favor for $45,177.95 and direct a new trial. Trial counsel should know that resort to such reprehensible practices in winning a verdict or influencing a jury will imperil the verdict itself.

The personalities of trial counsel should not receive undue emphasis during a trial. The court by alert, prompt and firm control should prevent counsel on either side from overstepping the bounds of propriety. In this case, the lengthy colloquy between counsel, which preceded the remarks above quoted, should at its very inception have been promptly terminated by the court.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Present — O'MALLEY, TOWNLEY, DORE, COHN and CALLAHAN, JJ.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.