■ MORRIS COHON & Co., Respondent, v. PENNSYLVANIA COAL & COKE CORPORATION, Now Known as PENN-TEXAS CORP., Appellant.— Judgment in favor of plaintiff reversed, on the law and in the exercise of discretion, the verdict vacated and a new trial ordered, without costs to either party. The

jury, in a closely contested case involving an alleged oral agreement for substantial commissions, was provided with confused and disconnected proof presented in a disorderly atmosphere of bickering and acrimony. The primary responsibility for this condition was the conduct of trial counsel for both sides, who repeatedly engaged in unseemly protracted exchanges, into which they drew the Trial Justice. Indeed, from the inception plaintiff's counsel sought to put defendant and the trial court on the defensive with respect to collateral but allowable matters, and defendant's counsel responded in kind. Trial counsel share with the Trial Justice the duty to maintain an orderly trial, and a verdict obtained in violation of this obligation should not stand. Under the circumstances it is found that the jury did not have a fair opportunity to assay the proof (see *Kohlmann* v. *City of New York*, 8 A D 2d 598; *Bowen* v. *Mahoney Coal Corp.*, 256 App. Div. 485, 486; cf. *People* v. *Di Carlo*, 242 App. Div. 328). Moreover, the charge, if finely parsed, was substantially correct in stating the applicable law, but the issues were not reduced to terms likely to be understood by a jury. Particularly, the instruction with respect to ratification was contradictory, and the contradictions were reinforced in the handling of the requests and exceptions to the charge. Since there must be a new trial, it is observed that the ruling that the Statute of Frauds (Personal Property Law, § 31, subd. 10) was inapplicable to the agreement in suit was correct, less than a majority of the voting stock of the corporation being involved. There were, however, a number of erroneous, but ultimately unprejudicial, rulings on the admission of evidence, particularly those which rested on the assumption that any conversations outside the presence of the adverse party were *ipso facto* inadmissible. (Wigmore, Evidence [3d ed.], §§ 265–272, 1361–1362, 1766–1790, especially § 1773.) Accordingly, the interests of justice require a new trial. But since defendant shares the responsibility for the need of a new trial and its appellate briefs were excessively long no costs are awarded. Concur — Botein, P. J., Breitel, Rabin and Stevens, JJ.; McNally, J., dissents and votes to affirm in the following memorandum: I would affirm. The principal factual issue was one of credibility and the trial thereof evoked considerable colloquy. Nevertheless, I am of the opinion that the jury did not lose sight of the issues and that substantial error is not present. ·