◼ HERMAN STRACHER, Appellant, v. WALTER PATTEE, Respondent.— TAYLOR, J. In a personal injury action plaintiff appeals from a judgment of the Supreme Court at Trial Term entered upon a jury verdict in favor of defendant and from the denial of his motion to set aside the verdict. The uncontroverted facts were that at about 12:10 P.M. on February 11, 1962 plaintiff brought his automobile to a stop at the intersection of Eagle and State Streets in the City of Albany in obedience to a traffic control signal and that while awaiting a change of the light it was struck in the rear by defendant's skidding automobile. Defendant's testimony was that when his vehicle was about 12 car lengths west of the intersection and then proceeding at from 20 to 25 miles an hour he observed the legend of the traffic control signal change to red at which time plaintiff's vehicle was "just stopping"; that the surface of State Street, upon which he was proceeding, was icy and wet and that he had had difficulty in stopping his automobile at three preceding intersections also controlled by a like signaling device. Upon strikingly similar facts we have held that a verdict in favor of a defendant was against the weight of the credible evidence (see *Useforge* v. *Ruddle,* 23 A D 2d 706). There was uncontradicted medical evidence that the injuries claimed were causally related to the accident. Judgment and order reversed, on the law and the facts, and a new trial ordered, with costs to appellant to abide the event. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.

◼ EDWARD E. GARLICK et al., Appellants, v. ANTHONY VITALE, Respondent.— REYNOLDS, J. As to the sufficiency of the award to the plaintiff wife, there were present only questions of fact or credibility as to whether her low back injury was causally connected to the accident which the jury could clearly resolve as it did. Furthermore, there is no necessary inconsistency in the jury's verdict of "no compensation in order" for the plaintiff husband. The jury could properly find that plaintiff did not sustain the burden of proving that any actual damages or expenses were attributable to the accident. (See *Leonard* v. *Voltz,* 190 App. Div. 748, affd. 232 N. Y. 575.) Judgment affirmed, with costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.