WILLIAM O. HAMBY, an Infant, by HENRY G. HAMBY, His Father, et al., Appellants, v. JOSEPH V. BONVENTRE et al., Respondents. (And Another Action.) — Appeals

Herlihy, P. J., Greenblott and Sweeney, JJ., concur; Cooke, J., concurs in the following memorandum: I concur solely on the ground that the introduction of evidence, over objection, as to Hamby's violation of the college rule was incompetent and so prejudicial as to require reversal. Reynolds, J., dissents, and votes to affirm, in the following memorandum: I cannot agree with the reversal in this case. This was an intelligent verdict by this jury in allowing the passenger Pattee to recover against both defendants. I agree with plaintiff Pattee that it should be affirmed. Hamby admits that this is a dangerous, poorly lighted intersection and yet claims that he slowed down from whatever speed he was previously going to 20–25 miles per hour just before the crash. He was coming down hill and had to bear to the left at the intersection of West Avenue. The jury could have properly found that he was driving his motorcycle at an imprudent speed at this dangerous, poorly lighted intersection under all the circumstances.

They could have also found that he was not maintaining a proper lookout. Section 1180 of the Vehicle and Traffic Law is applicable, "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing", and in subdivision (e) of section 1180 "The driver of every vehicle shall * * * drive at an appropriate reduced speed when approaching and crossing an intersection". This jury chose to find on all the facts that each driver was lacking in prudence at this dangerous intersection. It seems to me that the jury used very good and careful judgment. We have to be careful not to assume the status of a juror. As BERGAN, J., stated in *Rapant* v. *Ogsbury* (279 App. Div. 298, 299): "The power to review a jury's verdict concedes, in the first place, the premise that a 'question of fact is for the jury' and, of course, this is required for most cases by the Constitution. This concession carries with it the established rule that the 'weight of evidence' is the jury's own province and that a court will not interfere unless it can see that no reasonable man would solve the litigation in the way the jury has chosen to do." We have here questions of fact and on this record they are certainly for the jury and we have no right to hold to the contrary as a matter of law.