■ DONALD ELLIS et al., Appellants, v. ANTHONY J. DI CHIARA et al., Respondents.— Judgment unanimously affirmed, with costs. Memorandum: Plaintiffs presented no evidence of negligence on the part of the defendants in maintaining their multiple residence. Section 174 of the Multiple Residence Law which requires an owner of a multiple residence to keep it in good repair does not impose liability without fault upon an owner as an insurer (*Stoliker* v. *Crandall,* 25 N Y 2d 991, revg. 31 A D 2d 682 on dissenting opinion therein; *Collins* v. *Noss,* 258 App. Div. 101, affd. 283 N. Y. 595). Plaintiffs requested the court to charge the doctrine of *res ipsa loquitur* as set forth in NY PJI 2:65. The court charged the first paragraph of that instruction but declined to charge the second paragraph thereof, apparently because of its reservations about the applicability of the words "exclusive control"; and the plaintiffs excepted. That second paragraph merely instructs the jury upon the application of the principles set forth in the first paragraph. The pattern charges are merely guides to aid counsel and Trial Judges, and, of course, the court was not required to use the suggested pattern charge. Its ruling, however,

was inconsistent, since the first paragraph of that charge contains the words "exclusive control" and had been charged to the jury. We think that the court's charge would have been better had the second paragraph also been given. Nonetheless, we find that the substance of the rule was charged and that there was no reversible error. (Appeal from judgment of Niagara Trial Term dismissing complaint in negligence action.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ.