◼      BARBARA CONTENTO, as Parent and Natural Guardian of THERESA CONTENTO, an Infant, Respondent, v ALBANY MEDICAL CENTER HOSPITAL, Appellant.—Appeal from a judgment of the Supreme Court, entered June 30, 1976 in Albany County, upon a verdict rendered at a Trial Term in favor of plaintiffs. In the early afternoon of August 20, 1973 the plaintiff Barbara Contento's two-year-old daughter fell from the screened window of her bedroom in the defendant's apartment building to the concrete pavement three stories below. As a result of this fall, the infant plaintiff sustained abrasions to her upper abdomen and chest and a collapsed lung. She was treated at the defendant's hospital and released three days later. Plaintiffs commenced a negligence action against the defendant contending that it knew or should have known that the hook and eye and wood of the screen window from which the infant plaintiff fell had deteriorated due to exposure to the elements, and that the defendant's failure to maintain these items in a reasonably safe condition was the proximate cause of the fall and resultant injuries. The trial court, after charging the jury as to the law of negligence generally, charged the jury that section 174 of the Multiple Residence Law was applicable to the case, and that a violation thereof constituted negligence. The jury returned a verdict in favor of the infant plaintiff in the amount of $4,000 and in favor of the plaintiff mother in the amount of $949.75. A judgment was entered on this verdict and the present appeal ensued. Defendant contends that the trial court committed reversible error in its charge to the jury as to section 174 of the Multiple Residence Law since the charge imposed liability without fault on defendant. The defendant, however, failed to timely object to this specific portion of the trial court's charge to the jury, and, therefore, the alleged error has not been properly preserved for our review (CPLR 5501, subd [a], par 3). In any event,

the charge, when read in its entirety, informed the jury that a violation of section 174 of the Multiple Residence Law would impose liability on the defendant only if it had actual or constructive notice of the defective condition and, within reasonable time after acquiring such notice, failed to make the required repairs (cf. *Ellis v Di Chiara*, 38 AD2d 780). Despite defendant's protestations to the contrary, the record contains ample proof that defendant had notice of the deterioration of the hook and eye and wood of the screen window, and that defendant's failure to repair them was the proximate cause of the infant plaintiff's accident. The amount of the jury's verdict in favor of the infant plaintiff is not so excessive as to shock the conscience of the court and, therefore, should not be disturbed *(Starks v Poulein,* 57 AD2d 645). Moreover, under the facts and circumstances of this case, none of the remarks of the plaintiff's counsel in his opening and closing statements, including his allusion to the financial status of the defendant, were so inflamatory or prejudicial as to require a reversal and a new trial (cf. *Depelteau v Ford Motor Co.,* 28 AD2d 1178). Judgment affirmed, with costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.