█ MOHAMMED I. AHMED, Appellant, v FIRST NATIONAL CITY BANK, Now Known as CITIBANK, et al., Respondents. MORGAN GUARANTY TRUST COMPANY OF NEW YORK et al., Third-Party Plaintiffs-Respondents, v ALLIED MAINTE-

NANCE CORP., Third-Party Defendant-Respondent, et al., Third-Party Defendant. — Judgment of the Supreme Court, New York County (Orlando, J.), entered August 26, 1981, which, after a jury verdict in favor of defendants, dismissed the complaint and third-party complaints, unanimously reversed, on the law and the facts, the complaint and third-party complaints reinstated, and the matter remanded for a new trial, with costs to abide the event. By this action, plaintiff seeks to recover damages for personal injuries he allegedly suffered as a result of slipping and falling on the wet surface of the arcade entrance of a Morgan Guaranty Trust branch office in a building owned by First National City Bank (Citibank). Allied Maintenance Corp. is a third-party defendant in the action based on their contractual obligation to place rubber mats, warnings, and rope barriers on the polished floor surface of the arcade when it becomes slippery due to inclement weather. The questions for the jury turned on the credibility of witnesses as to whether such protective devices were in place at the time of the alleged accident. During the trial, counsel for third-party defendant Allied called as its witness an operations manager of a security firm where plaintiff had been previously employed. On redirect examination, Allied's counsel elicited testimony from this witness of a collateral, highly prejudicial and irrelevant nature. More than once, plaintiff's counsel objected to the testimony on those grounds and the Trial Justice overruled these objections. The objectionable testimony related to an occasion in which the witness was subpoenaed to testify before the State Licensing Commission concerning plaintiff's application to become a private investigator. In the course of that hearing, the witness was cross-examined by the applicant, the plaintiff in this action, and it was the subject of that cross-examination which was elicited on redirect. The operations manager testified that plaintiff had cross-examined him at the licensing hearing as to whether any of the white collar employees of the security firm were of Moslem origin, and how many were Jewish, and whether the firm had ever worked for a "Jewish terrorist group." Not only was this testimony completely irrelevant to the issues before the court, it was highly prejudicial. Such resort to ethnic and religious considerations should not be countenanced. (*Caraballo v City of New York,* 86 AD2d 580; *Bowen v Mahoney Coal Corp.,* 256 App Div 485.) Accordingly, a new trial is warranted. Concur — Kupferman, J. P., Sandler, Sullivan, Ross and Alexander, JJ.