■ BETTY GUZZARDI et al., Appellants, v JOSEPH GROTAS et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County (Buschmann, J.), entered December 10, 1982, which, upon a jury verdict, is in favor of defendants. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. On June 11, 1976, following a visit to the beach, defendant Joseph Grotas was driving an automobile on Beach Channel Drive in the Rockaways when the vehicle swerved and went up on the curb, hitting a pole and injuring plaintiff Betty Guzzardi, a passenger. At trial, defendant Joseph Grotas' own testimony, rather than exculpating him, raised an inference that he had been negligent in the operation and control of his vehicle (see *Pretto v Leiwant,* 80 AD2d 579; *Stracher v Pattee,* 25 AD2d 917). It is the duty of a motorist to operate his automobile with reasonable care, having regard to the actual and potential hazards existing from weather, road, traffic and other conditions, to maintain a reasonably safe rate of speed, to have his automobile under reasonable control, and to keep a proper lookout, under the circumstances, then existing, to see and be aware of what was in his view (see 1 NY PJI 2d 2:77, p 224). Joseph Grotas testified that he was driving at 30 to 35 miles per hour on a road that was under construction and which was "pretty bumpy". He saw holes in the road, and tried to avoid them by swerving around them. The accident occurred when his right front wheel went into a depression in the road; the vehicle then swerved to the right and went out of control. It skidded and swerved across a lane, going up on the curb and hitting a telephone pole. He claimed that he did not see the particular depression before he hit it, although, admittedly, nothing was obscuring his visibility. Following the close of evidence at trial, plaintiff's attorney moved for a directed verdict against defendants on the issue of negligence. The court reserved decision, and sent the issue to the jury. After the jury returned with a verdict in favor of defendants, plaintiffs moved, *inter alia,* to set aside the verdict as against the weight of the evidence. In denying the motion, the Trial Judge noted that although the verdict was justifiable, if he had been the trier of fact, the verdict would have been for the plaintiffs. In view of the substantial amount of evidence tending to prove negligence on the part of defendant Joseph Grotas, we are persuaded that the verdict in his favor was contrary to the weight of the evidence and not the product of a fair trial. With respect to the issue of fairness, we note in particular that a portion of defense counsel's cross-examination of plaintiff Betty Guzzardi was improper and highly prejudicial. On cross-examination, she was asked whether she had gone to the beach with defendant Joseph Grotas on prior occasions, and whether she had told her husband of these trips. These questions were not relevant to any issue in the case and were clearly intended to raise an inference that Betty Guzzardi, a married woman, had been involved in an immoral extramarital relationship. While it may be proper to impeach a witness with questions regarding immoral acts which he or she has committed (Richardson, Evidence [Prince,

10th ed], § 498), a midday visit to a beach in the Rockaways during the month of June simply does not indicate moral turpitude (see *Hamby v Bonventre,* 36 AD2d 648). Thus, in light of the evidence of defendant Joseph Grotas' negligence, we believe it likely that the jury's verdict in this case was unfairly influenced by the improper inference raised by defense counsel. Accordingly, the case must be remitted for a new trial. Since the case must be retried, we need not consider plaintiffs' remaining contentions. Damiani, J. P., Titone, Lazer and Bracken, JJ., concur.