■ CAROLE SERPE, Appellant, v BETTY RAPPAPORT et al., Respondents, et al., Defendant. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Rockland County (Walsh, J.), dated December 18, 1982, in favor of the defendants Rappaport, upon a jury verdict. ¶ Judgment reversed, on the law and the facts, action severed as against the defendants Rappaport and new trial granted as to them with respect to all issues, with costs to abide the event. ¶ Plaintiff was a passenger in the vehicle of defendant Bauscher when it was struck in the rear by a vehicle driven by defendant Betty Rappaport and owned by defendant Howard Rappaport. Plaintiff alleged that as a result of the accident she suffered an aggravation of a lower back injury. ¶ After trial, the jury returned a verdict in favor of the defendants Rappaport. (The trial court had previously dismissed the complaint against defendant Bauscher at the close of all the evidence.) Specifically, the jury found that Mr. and Mrs. Rappaport were negligent but that plaintiff's injuries were not proximately caused by their negligence. ¶ We are of the view that the jury's findings that the Rappaports' negligence was not the proximate cause of plaintiff's injuries was contrary to the weight of the evidence (*Olsen v Chase Manhattan Bank,* 10 AD2d 539, 544, affd 9 NY2d 829). Although evidence was adduced that plaintiff had disc surgery in 1976 and there was conflicting testimony regarding the severity of the impact between the two cars, there was evidence that plaintiff had remained symptom free from the time of her surgery until the accident, with the exception of a short period following childbirth in 1977. In addition,

plaintiff's medical expert testified, without contradiction by any defense witness, that the accident was the proximate cause of her newly manifested back injury. Accordingly, a new trial is granted as against defendants Rappaport. ¶ We also note that the following errors were committed during the trial which prejudiced plaintiff's case: ¶ (1) Defendants Rappaport were improperly permitted to introduce extrinsic evidence on their direct case to rebut plaintiff's answer on cross-examination that she never assaulted a child for whom she babysat. The Rappaports were bound by the witness' answer on this collateral matter (Richardson, Evidence [Prince, 10th ed], § 491; *People v Sorge,* 301 NY 198, 201); ¶ (2) The Rappaports' counsel was improperly permitted to impeach plaintiff's credibility through the use of plaintiff's confidential records from the Department of Social Services in the absence of any material issue relating thereto (see *Paine v Chick,* 50 AD2d 686); and ¶ (3)The Rappaports' defense counsel improperly injected racial issues into the trial, despite the court's express prohibition on this matter (*Abbate v Solan,* 257 App Div 776; *Bowen v Mahoney Coal Corp.,* 256 App Div 485). ¶ These errors should not be permitted to recur at the new trial. Titone, J. P., Lazer, Mangano and O'Connor, JJ., concur.