(March 31, 1987)

■ LUIS DELGADO, Appellant, v CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County (Robert A. Harlem, J.), entered November 21, 1985, in favor of defendant City of New York, unanimously reversed, on the law, without costs, and the matter is remanded for a new trial.

Plaintiff sued the City of New York for $10 million for injuries sustained when he allegedly tripped on a defective sidewalk bordering Riverside Drive at 6:30 P.M. on September 10, 1983. An entry in the hospital record indicated that plaintiff stated as the cause of his injury that he had been drinking and fell downstairs that morning. Prior to the taking of testimony, plaintiff's attorney applied for a ruling to preclude defendant from bringing this portion of the hospital record to the jury's attention, but the court declined to rule on the issue at that time.

On cross-examination, the Assistant Corporation Counsel asked plaintiff whether he recalled falling down the stairs and injuring his ankle on the day in question. When plaintiff denied falling on the stairs, and reiterated that he had fallen on the sidewalk, the Assistant Corporation Counsel showed him a page from the hospital record, which at that point had only been marked for identification, and she asked him: "Well, sir, does that record refresh your recollection as to whether or not you were drinking that day and fell down the stairs that morning?" When the hospital record was introduced into evidence, the trial court refused to entertain plaintiff's objection to the introduction of the history portion which referred to falling down the stairs, but admonished the Assistant Corporation Counsel not to refer to those portions of the record as to which she knew there would be an objection. Nevertheless, she asked plaintiff whether he had told the doctors at the hospital that he had hurt his ankle falling down the stairs. Plaintiff's objection to the question was overruled, the question was repeated, and plaintiff responded "No." The idea that plaintiff sustained his injuries falling downstairs, although ostensibly introduced only to refresh the plaintiff's recollection, was thereafter further conveyed to the jury indi-

rectly through questions asked of medical witnesses, and on summation.

We reject the city's several arguments that the issue was not preserved by timely objection, that showing plaintiff the hospital record and reading from it in front of the jury was merely a proper attempt to refresh the plaintiff's recollection, and that any error was cured by the trial court's instruction to the jury that there was no evidence that plaintiff fell down the stairs. During deliberations the jury requested that someone "find in the hospital records the specific entry that states Mr. Delgado did fall down stairs." The trial court responded that "the records that you have will contain no reference to Mr. Delgado falling down stairs. If, in fact, there was such a reference in the record, it would have been excluded. There is no evidence that Mr. Delgado fell down stairs." It is clear, however, that the cumulative effect of the Assistant Corporation Counsel's questions, together with the manner in which the plaintiff was confronted with the hospital record, conveyed unmistakably to the jury that there was in fact such an entry in the hospital record, and the court's attempt to remove this factor from the jury's consideration was ineffective. This conclusion is underlined by the jury's specific finding that the plaintiff did not fall on the sidewalk at 161st Street and Riverside Drive.

We have considered the other errors asserted by plaintiff, and find them to be without merit. However, in view of our conclusion that the history portion of the hospital record was improperly brought to the attention of the jury, and that this error was prejudicial to plaintiff despite the court's curative instructions, the judgment in favor of the city entered upon the jury's verdict must be reversed, and the matter remanded for a new trial. Concur—Murphy, P. J., Sandler, Asch, Milonas and Rosenberger, JJ.