■ LYDIA BADR, Appellant, v MARTIN HOGAN, Respondent.— In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Meehan, J.), entered May 4, 1987, which upon denying her motion to set aside a jury verdict in favor of the defendant, dismissed the complaint on the merits.

Ordered that the judgment is affirmed, with costs.

This negligence action arises out of an accident which occurred in the apartment where the infant plaintiff resided with her family. The apartment was located in a building owned, operated and maintained by the defendant. The plaintiff alleges in the complaint as amplified in her bill of particulars that the infant's hand was severely injured by glass from

a window in her bedroom. It is further alleged that prior to the accident the defendant had failed to repair the window in the infant's bedroom which was cracked and partially broken. The case pitted the defendant landlord's testimony that the subject window was not broken prior to the accident and that he had not placed cardboard over the window to cover a hole, against the testimony of the infant plaintiff's mother that the window was partially broken and that upon her request to the defendant that he repair the window he had placed a piece of cardboard over the hole. The credibility of the plaintiff mother versus that of the defendant was thus a critical issue.

Contrary to the plaintiff's contention, we do not find that her cross-examination by the defendant's counsel was improper or unduly prejudicial. The portion of the cross-examination with which we are concerned involved questions related to the plaintiff mother's improper receipt of moneys from the Department of Social Services (hereinafter the DSS) resulting in the entry of a confession of judgment in the sum of $2,654.50 against her.

The basic principles governing an examination of this kind are well established. The permissible scope of cross-examination lies within the sound discretion of the trial court whose ruling will not be disturbed absent an improvident exercise of discretion (see, e.g., People v Schwartzman, 24 NY2d 241, 244, cert denied 396 US 846; People v Sorge, 301 NY 198). In a civil trial a witness may be cross-examined with respect to any immoral, vicious or criminal act which may affect his character and show him to be unworthy of belief (Richardson, Evidence § 498 [Prince 10th ed]; see, Gedrin v Long Is. Jewish-Hillside Med. Center, 119 AD2d 799; Guzzardi v Grotas, 98 AD2d 761). The view adopted by our dissenting colleagues is that because the plaintiff initially denied receiving moneys to which she was not entitled from the DSS, the line of questioning pursued by the defendant's counsel ran contrary to the general rule that a cross-examiner cannot introduce extrinsic documentary evidence to contradict the answers of a witness on collateral matters solely for the purpose of impeaching credibility (see, People v Alvino, 71 NY2d 233, 247-248; Halloran v Virginia Chems., 41 NY2d 386, 390). However, the cross-examiner may, subject to the trial court's discretion, continue to question a witness in an effort to induce the witness to change his answer (People v Sorge, supra, at 200-201; People v Batista, 113 AD2d 890, 891-892; Richardson, Evidence § 491 [Prince 10th ed]). In our opinion, the defendant's counsel, in pursuing the line of questioning after the plaintiff's denial, did

exactly what he was authorized to do under existing precedent and, thus, the trial court properly exercised its discretion in permitting such inquiry. The defendant's counsel did not initially seek to admit into evidence the confession of judgment which formed the basis of this cross-examination. Rather, counsel had the confession of judgment marked for identification and showed it to the plaintiff. Thereafter, the plaintiff essentially admitted the facts related to the confession of judgment and sought to explain the circumstances surrounding its entry, after which it was admitted in evidence. The use of the documentary evidence was warranted to refresh the plaintiff's recollection (Richardson, Evidence §§ 466, 467 [Prince 10th ed]; *see, Brown v Western Union Tel. Co.,* 26 AD2d 316, 318). Indeed, its use achieved the result for which it was intended, namely, to prompt the plaintiff to change her testimony, and this line of inquiry did not transcend the bounds of propriety.

We further conclude that the trial court did not err in permitting defense counsel to question the infant plaintiff's father, who had accompanied the infant to the hospital, regarding a statement made by him to the effect that the infant had been injured while jumping on her bed. The defendant's counsel marked for identification a page of the hospital record in which a statement allegedly made by the infant's father appears and confronted the infant's father with the subject statement contained therein in an attempt to refresh his recollection. While we are of the opinion that counsel's questions in this regard were proper, we believe that although the father was not a named party, the statement from the hospital record would have been admissible into evidence as equivalent to an admission (Richardson, Evidence § 502 [Prince 10th ed]; *Barzaghi v Maislin Transp.,* 115 AD2d 679, 687; *cf., Delgado v City of New York,* 128 AD2d 484).

We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman and Rubin, JJ., concur.

Eiber, J., dissents and votes to reverse the judgment appealed from, on the law, and to grant a new trial, with the following memorandum, in which Lawrence, J., concurs: The plaintiff commenced the instant action to recover damages for the injuries sustained by her infant daughter, who had lacerated her hand on glass from a window in the apartment in which they resided. The subject apartment building was owned, operated and maintained by the defendant.

During the course of the trial, defense counsel sought to

discredit the plaintiff by inquiring as to whether she had ever received moneys, to which she was not entitled, from the Department of Social Services. Although the plaintiff flatly denied this allegation, defense counsel, nevertheless, produced a confession of judgment, bearing the plaintiff's signature, which indicated that she owed approximately $2,600 to the social services agency. In attempting to explain the circumstances underlying the execution of the confession of judgment, the plaintiff revealed that she had applied for financial assistance because she had separated from her husband, but had never filed a formal separation notice with the United States Department of Immigration, for fear that her husband might be deported. The confession of judgment was ultimately received into evidence over the objections of plaintiff's counsel.

While I have no quarrel with the general proposition that a witness may be impeached with questions regarding immoral acts which he or she has committed (see, Guzzardi v Grotas, 98 AD2d 761), I am convinced that the trial court in this case erred in allowing defense counsel to discredit the plaintiff in the manner described above. It is well settled that "extrinsic evidence introduced solely to impeach credibility on a collateral issue is, with special exceptions, inadmissible" (Halloran v Virginia Chems., 41 NY2d 386, 390; see, People v Schwartzman, 24 NY2d 241, cert denied 396 US 846; Getlin v St. Vincent's Hosp. & Med. Center, 117 AD2d 707; see generally, Fisch, New York Evidence § 486 [2d ed]). Where a party offers testimony concerning what would otherwise be deemed a collateral matter, on direct examination, that party has effectively "opened the door" to further inquiry on the subject and may not prelude cross-examination designed to show that the testimony is false (see, People v Chaitin, 61 NY2d 683; People v Andujar, 61 AD2d 755). Here, however, it was defense counsel who inquired as to the plaintiff's transactions with the Department of Social Services. Counsel was, therefore, bound by the plaintiff's response to his question and should not have been permitted to introduce extrinsic evidence, namely, the confession of judgment, once the plaintiff denied having received any moneys to which she was not entitled (see, Serpe v Rappaport, 103 AD2d 771; see also, People v Johnson, 114 AD2d 210, 215). The majority dismisses this problem by citing to authorities which stand for the proposition that a cross-examiner may continue to question a witness in the hopes of inducing the witness to change his answer. In this case, however, defense counsel did not simply continue to question the witness. Instead, he produced extrinsic materials in clear

violation of the settled principle that the testimony of a witness "regarding collateral matters may not be refuted by the calling of other witnesses *or by the production of extrinsic evidence" (People v Sorge,* 301 NY 198, 201 [emphasis supplied]). To further suggest that the introduction of the confession of judgment was appropriate as a means of refreshing the witness's recollection, is to indirectly authorize that which the law expressly prohibits. In any event, this theory does not justify the ultimate admission of the confession of judgment into evidence.

The question of whether the plaintiff was a recipient of public assistance was neither material nor relevant to any issue in this case. The introduction of the confession of judgment was primarily intended to raise an inference that the plaintiff had defrauded the Department of Social Services. The prejudicial effect of this evidence was then compounded by the reference to possible deportation proceedings against the plaintiff's husband, a fact which would not have been disclosed, but for defense counsel's improper line of inquiry. None of this evidence had any bearing upon the defendant's responsibility for the injuries sustained by the plaintiff's infant daughter. The evidence merely distorted the focus of the trial and, in my opinion, unfairly influenced the jury's verdict, despite the limiting instructions issued by the trial court.

In addition to the foregoing, I find merit to the plaintiff's contention that the trial court erroneously admitted into evidence certain portions of the infant's hospital records, which were not germane to her treatment or diagnosis *(see, Williams v Alexander,* 309 NY 283; *see also, Wilson v Bodian,* 130 AD2d 221; *Edelman v City of New York,* 81 AD2d 904; CPLR 4518 [a]). The pivotal issue in this case was whether the window in the apartment was broken and in a defective condition *before* the infant was injured or whether the infant broke the window in the course of the accident. Notations in the hospital record to the effect that the infant was "jumping on the bed" prior to the accident and that the window "subsequently" broke had no bearing upon the medical treatment to be rendered to the infant. Additionally, there is no valid legal basis to support the conclusion that the statements in the hospital record qualified as an admission since the statements were apparently made by the infant's father, who is not a party to this action *(see, Hayes v Henault,* 131 AD2d 930; *Hermance v Slopey,* 32 AD2d 573; *Scott v State of New York,* 19 AD2d 574). Redaction of the notations would, therefore, have been appropriate *(see, Delgado v City of New York,* 128

AD2d 484; *Gunn v City of New York,* 104 AD2d 848). The trial court did not redact the prejudicial portions of the hospital record. Instead, the court, in my view, exacerbated the error by suggesting in its charge that the act of jumping on a bed would necessarily negate a finding of negligence on the defendant's part. Such a charge was clearly inappropriate and served to deprive the plaintiff of a fair trial. Accordingly, I believe that a new trial is warranted so that the issue of defendant's liability can be fairly determined. Finally, I would add that a charge regarding the issue of whether the defendant had constructive notice of the alleged defect would have been appropriate in this case *(see, Batton v Elghanayan,* 43 NY2d 898; *Putnam v Stout,* 38 NY2d 607; *Contento v Albany Med. Center Hosp.,* 57 AD2d 691). Based on the cumulative impact of the aforecited errors, I would remit the matter for a new trial.