■ Grace M. Odom, Also Known as Grace M. Olevano, Appellant, v Binghamton Giant Markets, Inc., Respondent. [655 NYS2d 450] —Peters, J. Appeal from an order of the Supreme Court (Rose, J.), entered May 15, 1996 in Broome County, which denied plaintiff's motion to set aside the verdict in favor of defendant.

Plaintiff slipped and fell while shopping at defendant's market with her son and her mother. At trial, she attributed her fall to water left on the floor in an area near a cooler containing frozen foods. She testified that she did not see buckets or signs warning of a wet floor or any of defendant's employees working in the area. Contrary to her testimony, defendant's employee claimed that he was working in the area of the cooler and had two mop buckets, each bearing a large "Wet Floor" warning, positioned both in front and behind him. He further testified that plaintiff fell within arms' length of him in the middle of the aisle. Plaintiff's mother confirmed that there was water on the floor in the area of the cooler and that she too saw no warnings or employees. However, when assisted by the use of photographs, both plaintiff's mother and defendant's employee pointed to similar areas identifying where the fall occurred, whereas plaintiff pointed to a wholly different area.

At the conclusion of the trial, the jury found, through the use of a special verdict, that there was an unsafe condition on defendant's premises but that the defendant was not negligent. Plaintiff thereafter moved to set aside the verdict as, *inter alia*, against the weight of the evidence. Supreme Court denied the motion and plaintiff now appeals. We affirm.

Mindful that a verdict can only be set aside on appeal as against the weight of the evidence when " 'the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875), our review of the record reveals that this verdict can withstand the required analysis due to the testimony presented by defendant's employee detailing his placement of the buckets in the area in which he was working as well as the warnings printed on the side thereof. Notwithstanding plaintiff's contrary testimony, it is well established that such credibility issues are properly reserved for the jury (*see, Rosabella v Fanelli*, 225 AD2d 1007, 1008). "In making this inquiry, great deference is given a jury's determination, particularly in negligence actions where the verdict is in favor of the defendant" (*id.*, at 1008). Hence, we decline to disturb the Supreme Court's determination on the motion.

As to plaintiff's challenge to the content of the jury interrogatories, we find that the failure to timely raise such issue precludes our review (*see, General Elec. Tech. Servs. Co. v Clinton*, 173 AD2d 86, 89, *lv denied* 79 NY2d 759), particularly since Supreme Court conducted two charge conferences, defense counsel took the opportunity to "clarify for the record" the interrogatories which were going to be presented, and that following the court's actual charge to the jury no objections were raised.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.