■ DOROTHY M. HAMLIN, Appellant, v DENNIS McTIGHE, Respondent. [658 NYS2d 150] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered March 7, 1996 in Delaware County, upon a verdict rendered in favor of defendant.

On November 26, 1992, while approaching her daughter's apartment in the Village of Unadilla, Otsego County, plaintiff slipped on moss covering some of the stones on the walkway resulting in injuries to her right hip. Plaintiff commenced the instant action against defendant, the owner of the premises, for his alleged failure to maintain the walkway in a safe condition. A trial ensued and the jury found that although the premises were not in a reasonably safe condition, defendant was not negligent. Plaintiff appeals.

We affirm. Initially, we reject plaintiff's argument that the

jury verdict was against the weight of the evidence because the evidence allegedly established that defendant had constructive notice of the dangerous condition of the walkway.* A verdict may be successfully challenged as against the weight of the evidence when " ' "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875; *see, Grassi v Ulrich*, 87 NY2d 954, 956; *Adler v Londner*, 228 AD2d 1003, 1004). In order "[t]o constitute constructive notice, the alleged defect must be visible and apparent and it must have existed for a sufficient length of time prior to the accident to permit the defendant[ ] * * * to discover and remedy it" (*Henness v Lusins*, 229 AD2d 873, 875; *see, Lottie v Edwards-Knox Cent. School Dist.*, 235 AD2d 678, 679).

Here, plaintiff argues that, as a matter of law, defendant must have had constructive notice of the dangerous condition on the walkway because it allegedly existed so long. However, the record reveals that, aside from one witness who specifically testified that she slipped on the walkway two months before plaintiff's fall, the remaining witnesses gave no specific information as to the precise time when they first noticed the mossy condition or how long it was there (*cf., Secof v Greens Condominium*, 158 AD2d 591, 592). Although pictures of the walkway taken after the accident were submitted into evidence, no expert testimony was presented to establish how long the mossy condition existed (*cf., id.*, at 593). With respect to the visibility of the condition, both plaintiff and her husband testified that they did not notice any moss on the walkway prior to the accident.

Given this and other evidence, the jury could fairly make the finding that defendant did not have either actual or constructive notice of the dangerous condition (*see, e.g., McKinnis v City of Schenectady*, 234 AD2d 760, 762). Thus, we conclude that the evidence presented by plaintiff cannot be said to have so preponderated in her favor that the jury's verdict was erroneous as a matter of law.

---

* There is no real issue with respect to actual notice in this case. Defendant testified that he never slipped on the walkway and that, although he inspected the premises, he never noticed any slippery substance on the walkway, nor received any complaints regarding the condition of the walkway. Although plaintiff points to testimony from her witnesses to the effect that others have slipped on the walkway, including one person who actually fell, it is undisputed that none of those witnesses informed defendant that there was a dangerous condition on the walkway.

Finally, we find no merit to plaintiff's contention that Multiple Residence Law § 174, which places a duty on owners to keep dwellings "in good repair, clean and free from vermin, rodents, dirt, filth, garbage or other thing or matter dangerous to life or health", should have been charged to the jury. That section, codified together with other statutes relating to sanitation and health concerns, is not applicable to the facts before us (*see, Doyle v Streifer*, 34 AD2d 183, 185; *see also*, L 1952, ch 801; L 1951, ch 580). The presence of a moss-like substance on an outdoor walkway is not a dangerous condition contemplated by the statute. In any event, even if the facts herein could be considered to be within the purview of the statute, we would conclude that any error in refusing to charge Multiple Residence Law § 174 was harmless. Because liability under the statute is premised on actual or constructive notice (*see, Contento v Albany Med. Ctr. Hosp.*, 57 AD2d 691, 692; *see also, MacArthur v Coxon Real Estate*, 28 AD2d 1191, *lv denied* 21 NY2d 643), the jury's implicit finding of no notice in this case precluded recovery under the statute.

Mercure, Crew III, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.