HEATHER M. PERRY, Appellant, v WINE & ROSES, INC., Doing Business as JOE'S EAST WEST BAR & GRILL, Respondent. [836 NYS2d 356]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered January 5, 2006 in Ulster County, upon a verdict rendered in favor of defendant.

Plaintiff fractured her left ankle when, at approximately 12:30 A.M., she fell in the restroom at defendant's nightclub, a popular establishment that was reportedly patronized by well over 200 people on the night of the accident. She commenced this negligence action alleging that her slip and fall was caused by vomit on the restroom floor and that defendant had actual or constructive notice of such condition. The case was eventually tried in front of a jury. By use of a special verdict, the jury determined that the subject area was not reasonably safe at the time that plaintiff fell, but that defendant was not negligent. Plaintiff moved to set aside the verdict as against the weight of the evidence. Her motion was denied and judgment was entered dismissing the action. Plaintiff appeals.

Plaintiff argues that the jury's determination that defendant did not have actual or constructive notice of the condition in the bathroom was against the weight of the evidence. "A verdict may be successfully challenged as against the weight of the evidence when the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" (*Hamlin v McTighe*, 240 AD2d 792, 793 [1997] [internal quotation marks and citations omitted]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Alaimo v General Motors Corp.*, 32 AD3d 627, 627-628 [2006]). Where conflicting evidence is presented, great defer-

ence is accorded to the credibility determinations made by the jury (*see Hudson v Lansingburgh Cent. School Dist.*, 27 AD3d 1027, 1030 [2006]; *Fisher v Jackstadt*, 291 AD2d 689, 691 [2002]; *Devoe v Kaplan*, 278 AD2d 734, 735 [2000]).

Plaintiff testified that she slipped on a substance on the floor that she believed to be vomit. Elizabeth Fazio, an acquaintance of plaintiff's coworker, testified that she was at defendant's club on the night of plaintiff's mishap. Fazio recalled seeing vomit on the floor of the restroom at about 10:30 P.M. and she stated that she told the security guard seated outside the restroom about the condition. When she returned to the restroom shortly before plaintiff's accident, she observed vomit still on the restroom floor. This time, she did not speak to the security guard, although she recalled that it was the same guard as earlier in the evening. Defendant's witnesses included Kenneth Lenczewski, the security guard who worked that location on the night in question. He testified that nobody told him prior to plaintiff's accident that there was vomit on the floor of the bathroom. On the issue of actual notice, there was a conflict between the testimony of Fazio and Lenczewski, and we discern no reason to set aside the jury's assessment of that issue.

As to constructive notice, plaintiff asserts that such was established by Fazio's statement that she saw vomit in the restroom around 10:30 P.M. and the testimony of David Murphy, the general manager of the club, who stated that it was defendant's policy to inspect the restroom every 20 to 30 minutes. Plaintiff's assertion, however, rests upon the assumption that Fazio's testimony must be accepted and it is apparent that the jury rejected significant parts of her testimony. Murphy's testimony alone does not persuasively establish constructive notice since no other proof clearly puts the substance in the bathroom for a considerable length of time and the disgorging that created the unsafe condition could have occurred shortly before the accident. We are unpersuaded to set aside the jury's determination (*see Hamlin v McTighe, supra* at 793; *Odom v Binghamton Giant Mkts.*, 237 AD2d 686, 687 [1997]).

The further arguments regarding purportedly improper comments by defense counsel during summation were not preserved for review (*see Healy v Greco*, 174 AD2d 877, 879 [1991]).

Cardona, P.J., Crew III, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.