■ MARIA A. SANTANA, Appellant, v 3410 KINGSBRIDGE LLC et al., Respondents. [51 NYS3d 29]—

Judgment, Supreme Court, Bronx County (Lizbeth Gonzalez,

J.), entered June 22, 2015, after a jury trial, in favor of defendants, unanimously affirmed, without costs.

The jury's finding that there was no slippery condition on the stairs at the time of the plaintiff's accident was not against the weight of the evidence (see *Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]). While plaintiff's parade of witnesses testified consistently as to the existence of recurring conditions, the building's superintendent expressly denied the existence of such conditions and plaintiff has not identified any basis to disturb the jury's determination on this issue.

A trial court has "broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when necessary" (*Campbell v Rogers & Wells*, 218 AD2d 576, 579 [1st Dept 1995]). The court did not err in excluding certain photographs, alleged to depict an ephemeral wet and waxy condition, in the absence of testimony that they were "taken reasonably close to the time of the accident and that the condition at the time of the accident [was] substantially as shown in the photographs" (*Melendez v New York City Tr. Auth.*, 196 AD2d 460, 461 [1st Dept 1993]). As the photographs were close-ups of stairs, which could be located anywhere in the building, absent such testimony, it could not be determined whether they were the same stairs involved in the accident.

Plaintiff's objection to the admission of a surveillance videotape, on the eve of trial, is academic given that the jury never reached the issue of damages. Moreover, as the videotape is not part of the appendix, this Court cannot assess whether its admission constituted error. In any event, the timing of service was not improper, but rather a function of the need to conduct a further deposition and independent medical examination, which were made necessary by plaintiff's having undergone a second surgery after a trial date had already been set, and her treating physician had ample opportunity to review the videotape prior to testifying.

The narrative of the accident contained in a ambulance report, which was never introduced at trial, was properly precluded, and the court appropriately sustained objections to defense counsel's isolated questions as to whether plaintiff told the ambulance personnel that she had tripped (*cf. Grant v New York City Tr. Auth.*, 105 AD3d 445, 446 [1st Dept 2013]; *Delgado v City of New York*, 128 AD2d 484 [1st Dept 1987]).

It cannot be determined, based upon the appendix, whether plaintiff's objections to the failure to grant missing witness charges as to the building's porter and a liability expert are

preserved for appeal and whether plaintiff met her burden in seeking the charges (*see Hamer v City of New York*, 106 AD3d 504, 510 [1st Dept 2013]; *Germe v City of New York*, 211 AD2d 480 [1st Dept 1995]). Any error in denying missing witness charges as to defendants' medical experts, whose availability is not evidenced in the record, would be immaterial since the jury did not reach the issue of damages.

Plaintiff's request for a missing document charge was properly denied in the absence of evidence that she had requested the documents during discovery.

Finally, plaintiff's objection to defense counsel's conduct during the trial is largely, if not entirely, unpreserved, and unavailing. Defense counsel's statements as to plaintiff's treating physician's financial arrangement with plaintiff's counsel's firm constituted fair commentary on the evidence, and were within the wide latitude afforded on summation (*see Gregware v City of New York*, 132 AD3d 51, 61 [1st Dept 2015]; *cf. Berkowitz v Marriott Corp.*, 163 AD2d 52, 53-54 [1st Dept 1990]). We have considered plaintiff's remaining arguments and find them unavailing. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Webber and Gesmer, JJ.