■ COREY GOODSTEIN, an Infant, by His Father and Natural Guardian, LEON GOODSTEIN, et al., Appellants, v ANKOR LEASING, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered October 24, 1974, in favor of defendants, upon a jury verdict, after a trial on the issue of liability only. Judgment reversed, without costs or disbursements, and new trial granted. At the trial, defense counsel insinuated, through attempted questioning, that the infant plaintiff used drugs, although no evidence of such use was presented, except for the infant plaintiff's limited admissions that he had not used "soft drugs" for six months before the accident; no attempt was made to show that he had been under the influence of drugs at the time of the accident. Such questioning was improper and substantially prejudiced him (see *Gorman v Goldman,* 36 AD2d 767; *Kohlmann v City of New York,* 8 AD2d 598). Other defense arguments and summation tactics added to the prejudice, although such tactics, standing alone, might not have constituted grounds for reversal. Hopkins, Acting P. J., Martuscello, Damiani, Christ and Hawkins, JJ., concur.

■ DONALD F. GRASSO, Respondent, v AUGUST GERKE, Appellant. (Action No. 1.) AUGUST GERKE, Petitioner, v WILLIAM DEL HAGEN, Doing Business as DEL HAGENS OF WESTCHESTER, Respondent. (Action No. 2.)—Appeal by defendant from an order of the Supreme Court, Westchester County, entered March 19, 1975, which granted that branch of plaintiff's motion which sought a preliminary injunction, *inter alia* to enjoin defendant from enforcing the judgment in Action No. 2 pending determination of the plenary action herein. Order affirmed, with $50 costs and disbursements. Under the circumstances of this case it cannot be said that Special Term abused its discretion. Hopkins, Acting P. J., Latham, Christ, Titone and Hawkins, JJ., concur.

■ In the Matter of ANTHONY E. BOFFA, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of respondent, dated April 2, 1975 and made after a hearing, which found petitioner guilty of incompetence and misconduct and dismissed him from his position as a housing assistant. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. There was substantial evidence in the record on this proceeding to support respondent's findings and conclusions. In the light of petitioner's entire employment history, the penalty imposed was not an abuse of discretion *(Matter of Pell v Board of Educ. of Union Free School Dist No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222, 240). Martuscello, Acting P. J., Cohalan, Margett, Damiani and Rabin, JJ., concur.