OPINION OF THE COURT
Jones, J.
It was not error for the trial court to allow the prosecutor to impeach defendant’s credibility as a witness by use of pamphlets the publication of which was attributable to defendant and which advocated the evasion of all sales taxes and the cheating of the telephone company.
*272 Defendant appeals from a conviction, on a jury verdict, of the misdemeanor of criminal possession of stolen property (Penal Law, § 165.50). The conviction arose from defendant’s alleged possession of a recently stolen Hobart generator found coupled to an antique railway car owned and in the process of being restored by a corporation of which defendant was the principal shareholder. When discovered by the police, the generator had just recently been painted red and its identification plate removed. A contemporaneous search of the railway car (now asserted to have been unauthorized) revealed a can of red paint and the missing identification plate.
On trial, defendant claimed no involvement in or knowledge of the theft of the generator. He testified that it had merely “turned up” one day, apparently, he then assumed, through the efforts of an underling who was aware of defendant’s need for such a machine. In an effort to impeach his credibility, the People cross-examined defendant about and subsequently introduced in evidence two pamphlets published three years earlier by a corporation of which defendant had been an incorporator and was administrative officer, a director and a shareholder. Counsel for defendant raised timely objections, both on the ground of remoteness and on the ground that publication of the pamphlets was not an immoral, vicious, or criminal act and therefore their use for impeachment purposes was impermissible. The judgment of conviction was unanimously affirmed at the Appellate Division (81 AD2d 869).
It was not error here to have permitted the prosecutor on cross-examination to seek to impeach defendant’s credibility as a witness by use of the two pamphlets. The pamphlets in question contained advice and advocacy responsive to their titles, “End Paying Sales Taxes Forever For Everything You Buy” and “How to Beat the Telephone System”. The latter publication, for instance, offered detailed instructions as to how to cheat the telephone company by the use of slugs and fictitious names and suggested several means to frustrate collection of telephone bills. Defendant conceded that he had published the pamphlets through his corporation. That the pamphlets quoted from the writings of other authors is immaterial; there was no *273 suggestion or contention that defendant was not fully aware of the contents of the pamphlets in advance of their publication.
The determination of what evidence may be introduced for purposes of impeachment lies within the sound discretion of the trial court. Notwithstanding that the proof may be said to fall outside the conventional category of immoral, vicious or criminal acts, where, as here, the evidence offered by the People on cross-examination of the defendant “significantly revealed a willingness or disposition on the part of the particular defendant voluntarily to place the advancement of his individual self-interest ahead of principle or of the interests of society, proof thereof may be relevant to suggest his readiness to do so again on the witness stand” (People v Sandoval, 34 NY2d 371, 377). By way of analogy it may be suggested that summary rejection would greet any assertion that examining counsel could not use for impeachment purposes writings, properly attributed to the witness, which advocated perjury on the witness stand (concededly more exaggerated in degree but similar in kind to the advocacy in the pamphlets in this case). So here, it was not error in the circumstances of this case for the trial court to conclude that the evidence introduced was both' relevant and material to the credibility, veracity and honesty of defendant.*
The trial court carefully instructed the jury both as to the necessity for a preliminary finding of attribution of the pamphlets to defendant and then as to the restricted purpose for which the evidence could be considered: “[I]f you in fact do find that this conduct is attributable to the defendant, it cannot be considered by you in determining whether the defendant has committed the crime he has been accused of and is being tried before you. It may, however, be considered by you in determining whether his *274 testimony or any part is credible or not. You cannot consider it for any other purpose.”
Defendant also contends that the physical evidence introduced at his trial (the Hobart generator, the can of red paint and the identification plate) was discovered and seized by the police during a warrantless entry on and search of the real property used and occupied by him in connection with his hobby of restoring antique railway cars and should accordingly have been suppressed. Inasmuch, however, as defendant failed to raise this contention on his pretrial motion to suppress (which was based solely on the lack of authority of the individual who granted the police permission to enter the railway car), as the Appellate Division observed, the issue has not been preserved for appellate review (cf. People v Danziger, 41 NY2d 1092).
For the reasons stated, the order of the Appellate Division should be affirmed.

 We have no occasion to consider the argument defendant now advances that the use of these pamphlets for impeachment purposes somehow violated his rights under the First Amendment to the Federal Constitution. This issue, not having been raised on trial, has not been preserved for appellate review, and we accordingly express no opinion with respect to its merit (cf. People v Liccione, 50 NY2d 850). Nor is this writing to be interpreted to suggest approval of any of the hypothetical impeachments envisioned in the concurring opinion. We address only the narrow issue presented in this case.