■ ANTHONY GEDRIN, an Infant, by His Parent and Natural Guardian, LYNDA GEDRIN, et al., Appellants, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER et al., Respondents, et al., Defendants.—In a medical malpractice action, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Wager, J.), entered November 22, 1984, which, upon a jury verdict, is in favor of the respondents.

Judgment affirmed, with costs.

"The determination of what evidence may be introduced for purposes of impeachment lies within the sound discretion of the trial court" *(People v Coleman,* 56 NY2d 269, 273). A witness in a civil trial may be cross-examined with respect to any immoral, vicious or criminal act which may affect her character and show her to be unworthy of belief (Richardson, Evidence § 498 [Prince 10th ed]; Fisch, New York Evidence § 455 [2d ed]; *see, Guzzardi v Grotas,* 98 AD2d 761). Here, where the credibility of the plaintiffs' mother was at issue, the court properly permitted defense counsel to cross-examine her as to the facts underlying two specific acts of misconduct, an assault upon a police officer which resulted in an adjournment in contemplation of dismissal and an incident involving petit larceny which charge was reduced to disorderly conduct (Richardson, Evidence § 499 [Prince 10th ed]; *see, Dance v Town of Southampton,* 95 AD2d 442).

The trial court also permitted cross-examination with regard to the mother's brief involvement with intravenous drugs two years before the pregnancy involved in this case. The trial court permitted this cross-examination on the ground that there was testimony adduced at the trial that the use of drugs or alcohol by a pregnant woman would have a damaging effect on the fetus. A review of the record reveals that the medical testimony referred to concerned the use of alcohol rather than drugs. Thus, the cross-examination of the mother concerning her prior use of drugs had no relevance to the condition of the

fetus and should not have been permitted *(see also, Goodstein v Ankor Leasing,* 51 AD2d 722). However, viewing the totality of the evidence, including the permissible cross-examination, we find this error to be harmless.

We have examined the remaining contentions of the plaintiffs and find them to be without merit. Rubin, J. P., Lawrence, Eiber and Spatt, JJ., concur.