■ HIGBIE CONSTRUCTION, LTD., Appellant, v IPI INDUSTRIES, INC., et al., Respondents.—In an action to recover a debt due and owing for work, labor, materials and services rendered, the plaintiff appeals from an order of the Supreme Court,

Suffolk County (Saladino, J.), dated April 20, 1988, which granted that branch of the defendants' motion pursuant to CPLR 4404 which was to set aside the jury verdict in favor of the plaintiff as against the weight of the evidence, and ordered a new trial.

Ordered that the order is reversed, on the law and the facts and as a matter of discretion, without costs or disbursements, that branch of the defendants' motion which was to set aside the jury verdict pursuant to CPLR 4404 is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment on the verdict.

As a general rule, a trial court should exercise its discretionary power to set aside a jury verdict with considerable caution and only where the jury could not have reached the verdict on any fair interpretation of the evidence (see, Cohen v Hallmark Cards, 45 NY2d 493, 498; Nicastro v Park, 113 AD2d 129, 136). While the trial court's determination to set aside the verdict is to be accorded great weight (see, Nicastro v Park, supra), we find that the jury's verdict herein is fully supported by the weight of the evidence and should not have been set aside. The uncontradicted evidence adduced at trial showed that the defendant IPI Industries, Inc. (hereinafter IPI) admitted in writing that it owed the plaintiff Higbie Construction, Ltd. (hereinafter Higbie) $98,304.64. In contrast, IPI did not present any witnesses nor produce any documentary evidence to substantiate its claims that it was entitled to certain deductions and chargebacks as an offset to the amount it owed to Higbie. The jury rendered a verdict in favor of Higbie finding that it was entitled to recover from IPI the sum of $83,788 ($98,304.64 less a sum of approximately $14,516 which had been awarded to Higbie against IPI pursuant to a prior judgment in its favor).

On remittitur, the trial court should award Higbie interest at the statutory rate from January 3, 1986, the date of the initial demand for payment.

Higbie is not entitled an award of attorney's fees since IPI's defenses were not "without substantial basis in fact or law" (State Finance Law § 137 [4] [c]). Kooper, J. P., Harwood, Balletta and Miller, JJ., concur.