■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BALLEW, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's primary claim on appeal from convictions for second degree murder and related crimes is that his right to counsel was violated and, therefore, a map locating the victim's body and incriminating statements he gave to the police should have been suppressed. We disagree. Defendant's reliance on *People v Rogers* (48 NY2d 167) and *People v Bartolomeo* (53 NY2d 225) is misplaced because the right to counsel rule stated therein does not apply where, as here, defendant was being represented on an appeal from a previous criminal conviction *(People v Colwell,* 65 NY2d 883, 885; *see also, People v Robles,* 72 NY2d 689, 698). Defendant's contention that the statements and map were involuntarily made is belied by the record. Defendant's argument that he was in custody unsupported by probable cause was not raised before the hearing court and is not properly before us on this appeal *(see, People v Coleman,* 56 NY2d 269, 274). In any event, defendant was properly arrested upon revocation of his bail bond *(see,* CPL 530.80 [1], [2]).

Addressing some of defendant's remaining claims, we conclude that a witness's in-court identification was not the product of an impermissibly suggestive lineup. The participants in the lineup shared physical characteristics reasonably similar to those of the defendant and that is all that is required *(see, People v Lundquist,* 151 AD2d 505, 506). In any event, the witness had an independent basis to support her testimony because she twice viewed defendant at close range and accurately described him to the police. Consecutive sentencing was proper because the intentional murder and the attempted rape involved separate acts *(see,* Penal Law § 70.25 [2]; *People v Tarnowski,* 148 AD2d 1001, *lv denied* 74 NY2d 669). The sentence was not excessive given the brutal nature of the crimes. On this record we conclude that defendant was provided meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147), and that the verdict was supported by legally sufficient evidence and that it was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). We have considered defendant's remaining claims and find them lacking in merit. (Appeal from judgment of Erie County Court, Wolfgang, J.—murder, second degree.) Present—Doerr, J. P., Boomer, Green, Lawton and Lowery, JJ.