■ FLORETT MURPHY, Also Known as FLORETT MORGAN, Appellant, v ESTATE OF NICHOLAS VECE, JR., et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered February 23, 1989, which, upon a jury verdict on the issue of damages, is in favor of the defendants and against her.

Ordered that the judgment is affirmed, with costs.

The plaintiff's claims are based upon injuries she allegedly sustained on January 4, 1984, when a vehicle operated by the defendant Emilia Vece on the Hutchinson River Parkway hit the rear of the plaintiff's vehicle, which was stopped in traffic. The defendants conceded liability in causing the relatively minor collision. The principal issue at trial was whether or not the plaintiff's claimed mental and physical injuries were proximately caused by the accident.

Contrary to the plaintiff's contention on appeal, the trial court did not err in denying her motion to set aside the verdict as against the weight of the evidence. Generally, a trial court should exercise considerable caution in utilizing its discretionary power to set aside a jury verdict and grant a new trial (see, Higbie Constr. v IPI Indus., 159 AD2d 558, 559; Nicastro v Park, 113 AD2d 129, 133). In this regard, issues concerning the credibility of witnesses and the accuracy of their testimony are for the jury to determine (see, Frangello v Namm, 157 AD2d 649; Birnbaum v All-State Vehicle, 139 AD2d 553). The jury's verdict should not be set aside unless it could not have been reached upon any fair interpretation of the evidence (see, Nicastro v Park, supra, at 134; see also, Cohen v Hallmark Cards, 45 NY2d 493, 498; Frangello v Namm, supra).

Applying these principles to the case before us, we conclude that the evidence supports the jury's determination that the car accident was not a proximate cause of the plaintiff's claimed injuries. The jury was presented with sharply conflicting evidence from the parties' experts as to the cause of the plaintiff's alleged back injury and psychiatric condition and her resulting disability. With respect to the alleged back injury the plaintiff did not call any of the physicians who treated her between the date of the accident and November

1984. Instead, she relied almost exclusively upon the testimony of a physician to whom she had been referred by her attorney, and who first examined her on November 21, 1984, nearly 11 months after the car accident. Despite the fact that none of the diagnostic tests performed prior to November 1984 showed any abnormalities, this physician concluded that the plaintiff had a severely protruded intervertebral disc in the lumbar spine. Notably, the results of the diagnostic test upon which the plaintiff's expert principally relied in making his diagnosis were interpreted as normal by two other physicians. The testimony of the parties' experts concerning the plaintiff's alleged psychiatric injury was similarly sharply disputed. The evidence revealed that the plaintiff had received psychiatric treatment prior to the accident from 1975 until 1979. The testimony of the parties' respective psychiatric experts was conflicting as to whether or not the 1984 accident was a cause of her present psychiatric disorder or whether that disorder was a wholly preexisting condition. As the verdict demonstrates, the jury did not credit the plaintiff's experts. Based upon the evidence elicited at trial and the deference to be given to the jury's resolution of conflicting evidence in light of what it saw and heard, we will not disturb the jury's verdict as it reasonably could have concluded that the plaintiff's injuries were not caused by the accident.

The plaintiff also argues that the trial court committed reversible error by permitting the defense counsel to cross-examine her with regard to her arrest on a cocaine charge. The scope of cross-examination and the determination of what evidence may be introduced for impeachment purposes lies within the sound discretion of the Trial Judge (see, People v Hults, 76 NY2d 190, 199; People v Coleman, 56 NY2d 269, 273; Gedrin v Long Is. Jewish-Hillside Med. Center, 119 AD2d 799). The trial court's ruling will not be disturbed unless there has been an improvident exercise of discretion (see, People v Schwartzman, 24 NY2d 241, 244, cert denied 396 US 846). Pursuant to CPLR 4513, conviction of a crime and the underlying facts of the criminal acts may be introduced to impeach the credibility of a witness at a civil trial (see, Dance v Town of Southampton, 95 AD2d 442, 452-453; Able Cycle Engines v Allstate Ins. Co., 84 AD2d 140, 142-143; Richardson, Evidence § 506 [Prince 10th ed]). Moreover, a witness may be cross-examined with respect to any immoral, vicious, or criminal act which may affect the witness's character and show the witness to be unworthy of belief, provided the inquiry is made in good faith and there is a reasonable factual basis for it (see,

*Gedrin v Long Is. Jewish-Hillside Med. Center, supra; Dance v Town of Southampton, supra;* Richardson, Evidence § 498 [Prince 10th ed]). Here, where the plaintiff's credibility was at issue, the trial court properly permitted inquiry into the circumstances of a criminal complaint under which the plaintiff was charged with possession of a weapon (i.e., a gun) and possession of a controlled substance. The plaintiff pleaded guilty to attempted criminal possession of a weapon in the fourth degree in full satisfaction of the criminal complaint. Thus, the drug charge was not dismissed on the merits and was a proper subject of inquiry.

We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.