█ THOMAS R. WINANT, as Administrator of the Estate of

CYNTHIA WINANT, Deceased, Appellant, v ROBERT CARRAS et al., Respondents. [617 NYS2d 487] —In a medical malpractice action to recover damages for wrongful death, etc., the plaintiff appeals from stated portions of a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated May 14, 1992, which, upon a jury verdict, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

On the evening of September 23, 1982, Cynthia Winant died after her release that same afternoon from the defendant North Shore University Hospital where she had been under the care of the defendant physicians. The plaintiff, the decedent's surviving spouse, commenced this action alleging medical malpractice, and a trial resulted in a verdict for the defendants.

The plaintiff claims that it was reversible error for defendant Epstein's counsel to question the plaintiff's expert during cross-examination with respect to the expert's alleged drug addiction which, it was contended had caused his employer to suspend his clinical activities. The questions, which were asked in good faith and based on a letter by the expert's employer, were properly used to cross-examine the expert with regard to inconsistent statements and his character in general (see, People v Pavao, 59 NY2d 282, 288-289; Murphy v Estate of Vece, 173 AD2d 445, 446; Gedrin v Long Is. Jewish-Hillside Med. Ctr., 119 AD2d 799). Furthermore, the defense counsel's attempt to pursue this line of questioning on recross-examination after the expert gave rehabilitative testimony did not warrant a mistrial (see, Azzara v Revellese, 146 AD2d 592; Dunne v Lemberg, 54 AD2d 955) inasmuch as prompt, curative instructions were administered by the court.

In addition, the plaintiff was properly precluded from questioning witnesses regarding the contents of the Physicians' Desk Reference (hereinafter the PDR) during the direct examination of the defendant doctors and during the cross-examination of the defendant's expert witnesses. The PDR was offered into evidence for the truth of its contents and therefore the proffered evidence constituted inadmissible hearsay (see, Rosario v New York City Health & Hosps. Corp., 87 AD2d 211; see also, Matter of Hynes v Axelrod, 116 AD2d 830; Nicolla v Fasulo, 161 AD2d 966, 968; Gunnarson v State of New York, 95 AD2d 797, 798).

While it was error for the court to sustain the objections of defendant Moccio's counsel each time the plaintiff's attorney attempted to confront Moccio's expert witness Patrick Lamparello with respect to the authoritativeness of the PDR, such error does not warrant reversal. Plaintiff's attorney was able to effectively cross-examine Lamparello with respect to his opinion by the use of another text which Lamparello recognized as authoritative.

The plaintiff contends that the court erred in vacating the decision of the Medical Malpractice Mediation Panel finding liability against defendant Epstein. A finding of liability pursuant to Judiciary Law former § 148-a (8) necessarily included a finding of proximate cause as well as negligence (see, Canter v Mulnick, 60 NY2d 689, 690; Wolfe v Samaritan Hosp., 104 AD2d 143, 146; Kletnieks v Brookhaven Mem. Assn., 63 AD2d 994; Marrico v Misericordia Hosp., 59 AD2d 680). Inasmuch as the testimony of the panel doctor revealed that he did not reach the issue as to whether defendant Epstein's treatment of the decedent was a proximate cause of her death the panel's finding was properly vacated.

The plaintiff's remaining contentions are without merit. Lawrence, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.