■ VERA KESSLER, Appellant, v JOSEPH TAYEB et al., Respondents. (And a Third-Party Action.) [654 NYS2d 314]—In an action, *inter alia*, for a determination as to the rights of the parties concerning an easement, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Huttner, J.), dated March 1, 1994, which, upon the granting of those branches of the defendants' motion which were for leave to enter a judgment upon the jury verdict in favor of the defendants on their counterclaims to compel the delivery of a deed containing an easement and to recover damages for breach of contract, directed her, *inter alia*, to execute an easement in favor of the defendants, and directed that the defendants shall recover a judgment for "the amount of interest on the sum of $75,000," representing the sum of money paid by the defendants to the plaintiff for the easement; and (2) a judgment of the same court, dated April 19, 1994, in favor of the defendants in the principal sum of $74,756.25, representing interest on the sum of $75,000.

Ordered that appeal from so much of the order as directed

that the defendants shall recover a judgment "for the amount of interest on the sum of $75,000" is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is reversed, on the law, so much of the order dated March 1, 1994, as directed that the defendants shall recover a judgment for "the amount of interest on the sum of $75,000" is vacated, that branch of the defendants' motion which was for leave to enter a judgment upon the jury verdict in favor of the defendants on their counterclaim to recover damages for breach of contract is denied, and the counterclaim is dismissed insofar as it sought damages; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the portion of the intermediate order which held that the defendants shall recover a judgment for the amount of interest on the sum of $75,000 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the court's evidentiary rulings were proper (*see, People v Hults*, 76 NY2d 190; *Coleman v New York City Tr. Auth.*, 37 NY2d 137, 142-143; *Murphy v Estate of Vece*, 173 AD2d 445; Prince, Richardson on Evidence §§ 6-406, 6-415, 6-416, 10-201 [Farrell 11th ed]). However, the court should have set aside that part of the jury's verdict which awarded damages to the defendants, in the absence of proof on this issue, and dismissed that part of the defendants' counterclaim (*see, Nicastro v Park*, 113 AD2d 129).

The plaintiff's remaining contentions lack merit. Copertino, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.