■ CARL BOUNDS, JR., Appellant, v WESTERN REGIONAL OFF TRACK BETTING CORP., Respondent. [684 NYS2d 105] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action against defendant seeking damages for personal injuries he allegedly sustained when he slipped and fell on defendant's premises. After trial, the jury returned a verdict of no cause of action in favor of defendant.

Supreme Court properly denied plaintiff's motions for a directed verdict and to set aside the verdict as contrary to the weight of the evidence (*see*, CPLR 4401, 4404 [a]; *Petrovski v Fornes*, 125 AD2d 972, 973, *lv denied* 69 NY2d 608). Given the conflicting testimony, we conclude that the jury reasonably determined that plaintiff had failed to prove that defendant was negligent (*see*, *Manna v Hubbard*, 254 AD2d 693).

We reject plaintiff's contention that the court's instruction on notice was improper. The court conveyed the proper legal principles to be applied, and its instruction did not differ significantly from the instruction requested by plaintiff (*see*, *McCluskey v West Bradford Corp.*, 177 AD2d 744, 745-746, *lv denied* 80 NY2d 753; *see also*, *Phillips v United Artists Communications*, 201 AD2d 634, 635).

The court did not improvidently exercise its discretion in denying plaintiff's request to present evidence of other accidents at the premises. "[P]roof of a prior accident, whether offered as proof of the existence of a dangerous condition or as proof of notice thereof, is admissible only upon a showing that the relevant conditions of the subject accident and the previous one were substantially the same" (*Hyde v County of Rensselaer*, 51 NY2d 927, 929). Plaintiff made no such showing.

In the absence of evidence establishing the requisite elements for application of the doctrine of res ipsa loquitur, the court properly refused to submit the doctrine to the jury (*see, Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226). We conclude that the court's rulings regarding the scope of cross-examination of plaintiff were not an improvident exercise of discretion (*see, Murphy v Estate of Vece*, 173 AD2d 445, 446; *Gedrin v Long Is. Jewish-Hillside Med. Ctr.*, 119 AD2d 799).

Although the court erred in refusing to admit plaintiff's certified hospital records into evidence (*see,* CPLR 4518 [c]; *LaDuke v State Farm Ins. Co.*, 158 AD2d 137, 138; Prince, Richardson on Evidence § 8-309 [Farrell 11th ed]), that error does not warrant reversal. The records were relevant only on the issue of damages. In arriving at its verdict, the jury did not reach the issue of damages, and thus plaintiff was not prejudiced by the error (*see,* CPLR 2002; *Pelleschi v City of Rochester*, 198 AD2d 762, 763, *lv denied* 83 NY2d 752).

We have reviewed the remaining contention of plaintiff and conclude that it lacks merit. (Appeal from Judgment of Supreme Court, Erie County, Sedita, Jr., J.—Negligence.) Present—Denman, P. J., Green, Hayes, Balio and Boehm, JJ.