OPINION OF THE COURT
Eric N. Vitaliano, J.
*830 Plaintiff brought this action to recover damages for injuries he claims to have suffered as a result of being knocked down as he attempted to board a bus operated by the defendant which was traveling on Hylan Boulevard in Staten Island. At the time of jury selection, the plaintiff moved in limine to preclude the defendant from offering evidence of or in any way calling the jury’s attention to the facts of the plaintiffs incontestable past use of heroin and his current participation in a methadone treatment program. At the jury coordinating part, Justice Aliotta determined that the defendant would be precluded from any reference to the plaintiff’s current use of methadone or his participation in the treatment program. He reserved to the trial judge the issue of whether the plaintiffs past use of heroin was admissible in the liability phase of the trial.
Following jury selection and prior to opening, this court granted the balance of the plaintiffs motion and precluded the defendant from mentioning or offering any evidence of the plaintiffs past use of heroin. Given that there is a paucity of reported case law regarding the admissibility of such evidence in civil proceedings, the court files this decision to memorialize its opinion.
First, it is important to recognize what is not presented on this motion. The motion does not question whether a plaintiffs use of heroin is admissible in the damages phase of a civil trial where the jury is assessing a variety of health and life issues relating to the plaintiff, such as life expectancy. In that context, with an appropriate foundation, testimony regarding the plaintiffs heroin use would surely be admissible. Nor is it about whether the plaintiff was under the influence of heroin at the time of the accident so that his powers of perception or recollection might actually have been impaired by his heroin habit; nor whether the plaintiff was under the influence of heroin at the time of his testimony. The use of heroin by the plaintiff in those circumstances would be admissible even in the liability phase to impeach his credibility as a witness. Indeed, in all of those situations, proof of heroin use and addiction even by extrinsic evidence would be proper. (See, e.g., People v Freeland, 36 NY2d 518, 525 [1975].) The lone issue decided by this court on the branch of the motion reserved to it was whether the plaintiffs past use of heroin was admissible as an act of moral turpitude offered only to attack his credibility as a witness.
With the froth of advocacy dissipated, neither side could nor did take issue with the black letter rule: a witness may be *831 “examined with respect to specific immoral, vicious or criminal acts which have a bearing on the witness’s credibility.” (Badr v Hogan, 75 NY2d 629, 634 [1990].) Founded on this rule, the defendant opposed preclusion arguing that the plaintiffs heroin addiction and use over a long period of his life tended to establish moral turpitude and, therefore, those acts were relevant and proper impeachment of his credibility as a witness. That same black letter rule, of course, acknowledges the power of the trial court to exercise discretion with respect to the nature and extent of “bad act” cross-examination. (See J. Prince, Richardson on Evidence §§ 6-304, 6-305 [Farrell 11th ed 1995].) Over the defendant’s strong exception, the court exercised its discretion to preclude proof of the plaintiffs addiction and use of heroin which, incidentally, would have included reference to the plaintiffs hospital records if extrinsic proof of the claimed past bad acts became necessary.
There is little doubt that the plaintiffs heroin habit qualifies as a specific immoral, vicious and/or criminal act which could have a bearing on the plaintiffs credibility. The court, nonetheless, exercised its discretion to preclude the defendant from offering such evidence or making such reference before the jury on two grounds. The first rests on the synergy of the proposed evidence with other evidence to be offered by the defendant to impeach the plaintiffs credibility. Not unexpectedly for someone who, at a young age, ruined his entire life as a slave to heroin, the plaintiff has the extraordinary criminal record of a petty thief and drug abuser. Among the many, but hardly exhaustive of them, some 30 criminal convictions, including two for criminal possession of a controlled substance, were to be (and were) offered to impeach the plaintiffs credibility. In this context, the proposed use of the plaintiffs heroin habit to attack his credibility further either in argument or by confrontation on the stand was determined by the court to be both cumulative and highly prejudicial. Provident discretion impelled its preclusion.
The second ground is by logical extension of Justice Aliotta’s prior determination that reference to the plaintiffs participation in a methadone treatment program was to be precluded. Had this court denied the balance of the motion in limine, the plaintiff would have been presented with the Hobson’s choice of keeping his current participation in a methadone treatment program confidential, as Justice Aliotta had ruled, but only at the expense of foregoing the opportunity to rehabilitate his *832 credibility in the eyes of the jury by showing that he had given up his life of moral turpitude for a life of new hope in treatment.
More importantly, Justice Aliotta’s ruling relied in substantial part on Mental Hygiene Law § 22.03 (a) which provides:
“Notwithstanding any other provision of law including but not limited to the election law, no person’s rights as a citizen of the United States or of the state of New York shall be forfeited or abridged because of such person’s participation in chemical dependence programs, treatment facilities or services. Such participation shall include but is not limited to the certification as substance dependent of a person to the care and custody of the office under previously existing provisions of law. The fact, proceedings, application, or treatment relating to a person’s participation in chemical dependence programs, treatment facilities, or services shall not be used against such person in any action or proceeding in any court.”
Obvious from these words is the enactment by the Legislature of a strong public policy that participation in a drug treatment program is to be confidential and that no right “shall be forfeited or abridged” on account of program participation.
It is clear to the court, therefore, to give full intended effect to this strong public policy of New York State, that even if the past use of heroin were the only basis to attack the credibility of the plaintiff, his current participation in a methadone treatment program would preclude any reference to or offer of proof of past heroin use when offered solely for the purpose of impeaching his credibility on the grounds of his immoral, vicious or criminal acts of moral turpitude.[1] Accordingly, as a matter of public policy, a trial court in a civil action should exercise its discretion to preclude reference to or the offer of evidence regarding the past heroin use and addiction of a witness who is at the time of his testimony participating in a chemical *833 dependency treatment program where such reference or offer is made solely to impeach the credibility of that witness.[2]
For all the foregoing reasons, the plaintiffs motion in limine to preclude reference or the offer of proof by the defendant, either extrinsically or directly, of the past use of heroin by the plaintiff for the sole purpose of impeaching his credibility on the witness stand was granted.

. The same issue does not present itself in the other potential circumstances in which past heroin use might be offered. Specifically, where a party puts his health and life in issue, e.g., in the damages phase of a personal injury action, privileges of confidentiality related to such conditions are deemed waived. If at issue is the use of heroin by a witness at the time of his testimony or at the time of the events about which he is testifying, subsequent or prior intermittent participation in a chemical dependency treatment program would not be relevant for the purpose of witness rehabilitation or for any other purpose.

. By implication, and now expressly, the court also found that this same public policy did not preclude use by the defendant of the plaintiffs conviction for criminal possession of a controlled substance. Actual use by a defendant of a controlled substance is not an element of the crime of criminal possession of such a substance. Conviction for such crimes has no implication for chemical dependency treatment.