| |
|---|
| **Boyer v City of New York** |
| 2024 NY Slip Op 30847(U) |
| March 15, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 520088/2016 |
| Judge: Richard J. Montelione |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At IAS Part 99 of the Supreme Court
of the State of New York, held in and
for the County of Kings, at the
Courthouse located at 360 Adams
Street, Brooklyn, NY 11201, on the
15th day of March 2024.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 99

------------------------------------------------------------X

AELIANA BOYER,

              Plaintiff,

    -against-

CITY OF NEW YORK, THE FIRE DEPARTMENT OF THE
CITY OF NEW YORK AND JOHN DOE (THE NAME "JOHN
DOE" BEING FICTITIOUS, AS THE TRUE NAME IS
PRESENTLY UNKNOWN) INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY,

              Defendants.

------------------------------------------------------------X

**MOTION IN LIMINE
DECISION AND
ORDER**

Index No.: 520088/2016

After oral argument, without a record, on March 14, 2024, the following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | NYSCEF DOC. # |
|---|---|
| | |
| Plaintiff's Order to Show Cause seeking a unified trial on liability and damages, dated February 26, 2024; attorney affirmation of Christopher Cellante, Esq., affirmed on February 21, 2024; attorney "emergency" affirmation of Christopher Cellante, Esq., affirmed on February 21, 2024; Exhibits A-G; Affidavit of Service sworn to on February 21, 2024; Notice to Admit, dated February 22, 2024 (MS#9) ............................ | 234-248 |
| Plaintiff's Motion in Lime by Order to Show Cause, filed via NYSCEF #250, seeking preclusion of defendants from referencing and/or offering at trial any evidence or testimony regarding plaintiff's prior substance abuse, use of alcohol, and/or addiction; referencing and/or offering at trial any evidence or testimony regarding prior arrests and/or convictions; attorney affirmation of Christopher Cellante, Esq., affirmed on March 1, 2024; exhibits A-C; Trial documents pursuant to CPLR 4532-A (NYSCEF #s 256-259) ............................ | 250-60 |
| Defendants' attorney affirmation of Jane N. Barrett, Esq., affirmed on March 5, 2024; Exhibits A-E; Defendant's Response to Demand dated March 8, 2024 ............................ | 261-266 |
| Plaintiff's attorney affirmation of Christopher Cellante, Esq., affirmed on March 6, 2024, in further support of Order to Show Cause for Unified Trial ............................ | 267 |
| Defendant City of New York's Responses to Notice to Admit, dated March 8, 2024 ....... | 269 |
| Plaintiff's Trial Memorandum in support of Motion to Strike Pleadings/Renew and Reargue Motion for Summary Judgment (NYSCEF #270), attorney affirmation of Christopher Cellante, affirmed on March 10, 2024; Statement of Material Facts dated March 10, 2024; Exhibits A-I ............................ | 270-280 |

[* 1]

Aeliana Boyer v. City of New York, et al, Index No. 520088/2016

| | |
|---|---|
| Defendants' (corrected) attorney affirmation of Jane N. Barrett, Esq., affirmed on March 13, 2024; attorney affirmation of Jane N. Barrett, Esq., "sur-reply," dated March 13, 2024; Attorney Affirmation of Jane N. Barrett, affirmed on March 12, 2024, in opposition to plaintiff's motion to strike defendant's answer and renew and in support of the defendant's cross-motion for summary judgment, March 12, 2024.............................................................................................................................. | 282-284 |
| Plaintiff's motion "Admitting into evidence statements made by the defendants in opposition to the plaintiff's motion for summary judgment and in opposition to plaintiff's order to show cause for a unified trial related to the identity of the ambulance that struck the plaintiff," March 14, 2024; Exhibits A-B............................................................................. | 285-287 |
| Defendant's attorney affirmation of Jane N. Barrett, Esq., affirmed March 14, 2024, in opposition to in limine motion to exclude evidence of drug or alcohol abuse; Exhibits A-C; Defendant's Motion to Preclude: 1) plaintiff from submitting evidence of any disciplinary histories, or other lawsuits or prior accidents involving FDNY witnesses, 2) preclude any and all sections of the FDNY manuals because internal rules are not admissible to establish liability where they impose a higher standard of care than that imposed by law, 3) preclude plaintiff from arguing or eliciting testimony regarding a purported "conspiracy" or "cover up" within the FDNY........................................................... | 288-292 |

MONTELIONE, RICHARD J., J.

<u>Issue of Bifurcation</u>

Plaintiff seeks a unified trial on the basis that the damages she suffers from, including partial memory loss, was a direct result of head trauma caused by the contact between plaintiff's bicycle and allegedly defendant's ambulance on May 9, 2016. Plaintiff asserts that these damages are directly related to her ability to provide the jury, in the liability phase of the trial, with an explanation as to why there may be inconsistent testimony or statements and why her memory may have been distorted.

At the time of the incident, plaintiff was wearing a helmet (50-h transcript, 68,19-21). The plaintiff directs the court's attention to the 50-h transcript, pp. 51, 53 which reflects that plaintiff "momentarily" lost consciousness (50-h transcript, 53,13), but there is no testimony regarding this incident causing any difficulty with providing answers to questions through sworn testimony. Although plaintiff states she was having both short-term and long-term memory loss, Id. At 69, the actual testimony at p. 69,12-25 reflects "lack of focus, problems reading and speaking, blurred vision, and dizziness" but does not indicate any issues involving memory and the court declines to make the inference. There is a Bill of Particulars dated May 24, 2022, claiming memory loss, six years after the accident. The medical records from plaintiff's June 30, 2016, visit at the Center for Cognition and Communication, approximately seven weeks after the accident reflects, "closed head trauma with posttraumatic cognitive impairment." However, plaintiff states that, "Dr.'s Brown and Busichio state that the plaintiff sustained head trauma and she was "feeling dazed and confused at the scene" (Plaintiff's counsel's affidavit, ¶10) which is either based solely on information provided by plaintiff or pure conjecture. The Neurobehavioral Screen report dated June 30, 2016, with a diagnostic impression of "Head Trauma, post-concussion syndrome, and cognitive deficits" and impairments of "learning and memory" is qualified by "(t)he inferences, diagnostic impression and recommendations detailed above are all based on the assumption that the historical and medical information provided is complete and

[* 2]

Aeliana Boyer v. City of New York, et al, Index No. 520088/2016.

accurate." There is no indication within any of plaintiff's transcripts that there was an issue recalling the events testified to or that the events were distorted or any affidavits indicating that plaintiff's testimony was inaccurate due to cognitive impairment. It's one thing to assert that lack of memory and/or cognitive impairment prevented full and complete answers to questions, but another to give detailed answers and then claim cognitive impairment.

The court rejects plaintiff's arguments that the orthopedic/neurological injuries requiring multiple surgeries is probative regarding how the accident occurred. All the cases cited by plaintiff involve instances where the damages are directly intertwined with the mechanism of the accident. Here, there is no objective medical evidence from either the ambulance crew that eventually transported plaintiff to the hospital or hospital records that indicate head trauma or loss of memory or cognitive impairment. Plaintiff argues there was a "head injury which resulted in documented confusion on the date of the accident and cognitive deficits" (plaintiff's counsel's affidavit in support, ¶25, but there is no such documentation that has been provided to the court of such confusion on the *date of the accident.* Or for that matter, any confusion in the course of answering questions under oath. There is no issue of fact that an incident occurred involving a vehicle and plaintiff riding her bike. The issue is whether the vehicle was one operated by the New York City Fire Department and these medical records have no bearing on this determination.

The court finds this trial should remain bifurcated pursuant to 22 N.Y.C.R.R. § 202.42 and plaintiff has failed to show how the damages suffered is relevant to the mechanism of the incident. *Carbocci v Lake Grove Entertainment LLC*, 64 A.D.3d 531, 532, 883 N.Y.S2d 113 (2d Dept. 2009).

<u>Issue of Prior Substance Abuse, Use of Alcohol, and/or Addiction; Referencing and/or Offering at Trial Any Evidence or Testimony Regarding Prior Arrests and/or Convictions</u>

Plaintiff's only conviction involved PL § 240.20, disorderly conduct, which is a violation and not a crime. Impeachment is only permitted under CPLR 4513 when there is a conviction of a crime and therefore defendant may not raise the issue of this conviction during cross-examination. Notwithstanding defendant's request to take judicial notice of material from the FDA's SAMHSA website and assertions as to the side effects of "suboxone include fatigue, dizziness, poor coordination and feelings of sedation," there is no medical evidence on the date of the accident suggesting that any of these side effects were the result of medication even assuming an increased dosage on the date of the accident. The court finds plaintiff's past drug history and current medications are not relevant in the liability phase of the trial and have not been implicated in this incident, are unduly prejudicial, and therefore directs that these issues may not be raised during cross examination by the defendant. See *Lopez v City of New York*, 192 AD3d 634, 146 NYS3d 81, 2021 NY Slip Op 01945, 2021 WL 1179295 [1st Dept 2021]; "(t)he court properly exercised that discretion in precluding cross-examination on convictions that were largely related to plaintiff's history of drug addiction, which had little bearing on his credibility;" *see also Goodstein v Ankor Leasing, Inc.*, 51 AD2d 722, 379 NYS2d 153 [2d Dept 1976], where court held questioning of past drug use improper where there was no showing of such use at the time of the accident; *Cf. M. v New York City Tr. Auth.*, 4 Misc 3d 829, 781 NYS2d 865, 2004 NY Slip Op 24291, 2004 WL 1796189 [Sup Ct 2004] where court precluded questioning regarding past use of heroin for the sole purpose of impeaching party's credibility where the

[* 3]

Aeliana Boyer v. City of New York, et al, Index No. 520088/2016

witness was participating in a chemical dependency treatment program. The decision on this issue is not applicable to the damages phase of the trial as plaintiff's past drug history, etc., are relevant.

### Plaintiff's Motion to Strike Pleadings/Renew and Reargue Motion for Summary Judgment

Plaintiff moves pursuant to CPLR 3126, to strike the Answer and Affirmative Defenses of the defendants for falsely, willfully, and deliberately denying that an FDNY ambulance was involved in the subject collision for almost 8 years and until the eve of trial and setting this matter down for an inquest on damages; (ii) To the extent the Answer and Affirmative Defenses are not stricken, pursuant to CPLR 2221 and 5015(a), granting the plaintiff leave to renew/reargue her motion for summary judgment on the issue of liability and vacating the Order of the Honorable Gina Abadi J.S.C. dated November 9, 2022 (NYSCEF Doc. No. 178); (iii) Upon renewal/reargument and vacatur, pursuant to CPLR 3212, granting the plaintiff partial summary judgment against the defendants on the issue of liability and striking the affirmative defense of comparative fault. The defendant through a "corrected" attorney affirmation explains that she mistakenly indicated that a New York City ambulance was involved in this incident when her intention was to say as "alleged" by plaintiff. The court will allow the correction since the period of time is short and the there is no prejudice to the plaintiff. The grounds upon which this motion to strike is based are now moot, and in any event, this justice may not consider such a motion because it was decided by another justice. CPLR 2221(a).

### Issue of Alleged Admission within Medical Record

Defendant seeks to introduce testimony from hospital employees who purportedly recorded in hospital records a statement or statements made by the plaintiff regarding the circumstances of the accident. As long as there is direct evidence of the statements coming from plaintiff and they are statements regarding how the incident occurred, the court will permit the these statements as admissions. *See Grechko v Maimonides Med. Ctr.*, 188 AD3d 832, 834, 134 NYS3d 435, 439, 2020 NY Slip Op 06504, 2020 WL 6602613 [2d Dept 2020],

> If an entry in the medical records "is inconsistent with a position taken by a party at trial, it is admissible as an admission by that party, even if it is not germane to the diagnosis or treatment, as long as there is 'evidence connecting the party to the entry' " (*Robles v. Polytemp, Inc.*, 127 A.D.3d 1052, 1054, 7 N.Y.S.3d 441, quoting *Coker v. Bakkal Foods, Inc.*, 52 A.D.3d 765, 766, 861 N.Y.S.2d 384).

### Issue of Precluding Plaintiff from submitting evidence of any disciplinary histories, or other lawsuits or prior accidents involving FDNY witnesses. 2) Precluding any and all sections of the FDNY manuals because internal rules are not admissible to establish liability where they impose a higher standard of care than that imposed by law, 3) precluding plaintiff from arguing or eliciting testimony regarding a purported "conspiracy" or "cover up" within the FDNY

The court grants defendant's motion and precludes plaintiff from questioning witnesses regarding other lawsuits or prior accidents involving FDNY witnesses. However, disciplinary

[* 4]

Aeliana Boyer v. City of New York, et al, Index No. 520088/2016

records may or may not be relevant and admissible and plaintiff may be limited to questioning of a witness outside the presence of the jury and the court may ask for an offer of proof before allowing such testimony. The plaintiff is precluded from referencing the FDNY manual because it may confuse the jury as to a higher level of care than that required under New York Statutes. *See Crosland v. New York City Transit Authority*, 68 NY2d 165 (1986). Unless plaintiff can make an offer of proof regarding conspiracy or "cover up," plaintiff's counsel may not argue or question any witness regarding these theories.

Based on the foregoing, it is

ORDERED that plaintiff's motion to unify the trial is DENIED; and it is further

ORDERED that plaintiff's motion to prohibit cross examination of the plaintiff regarding her purported prior substance abuse, use of alcohol, and/or addiction; referencing and/or offering at trial any evidence or testimony regarding prior arrests and/or convictions is GRANTED and defendant's counsel may not elicit such testimony during the liability phase of the trial but if the issue excluded is raised by plaintiff the defendant may move the court to inquire at trial; and it is further

ORDERED that defendant's motion for the admission of medical records purported to contain admissions of the plaintiff is GRANTED to the extent that defendant must provide a foundation for the admission of such evidence, and defendant must make an offer of proof directly linking the plaintiff to the statements; and it is further

ORDERED that plaintiff must make an offer of proof regarding any evidence of any disciplinary histories and the court may allow questioning outside the presence of the jury but may not question any witnesses regarding other lawsuits or prior accidents involving FDNY witnesses, and plaintiff is precluding from entering into evidence sections of the FDNY manuals or questioning about specific provisions of the manual but may ask general questions regarding FDNY training and unless plaintiff makes an offer of proof outside the presence of the jury, plaintiff is precluded from arguing or eliciting testimony regarding a purported "conspiracy" or "cover up" within the FDNY; and it is further

ORDERED that all other requests for relief are DENIED.

This constitutes the decision and order of the Court.

Hon. Richard J. Montelione

[* 5]