Muhammad v Right Price Gen. Constr. Corp. (2024 NY Slip Op 50335(U))

[*1]

Muhammad v Right Price Gen. Constr. Corp.

2024 NY Slip Op 50335(U)

Decided on April 1, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 1, 2024
Supreme Court, Kings County

Isa Muhammad and Shoy Grant, Plaintiffs,

against
Right Price General Construction Corp. and Kevin Chance, Defendants.

Index No. 521661/2019

Rappaport, Glass, Levine & Zullo, LLP, Islandia (Brian P. Murphy of counsel), for Plaintiffs. 
Kelly, Rode & Kelly, LLP, Mineola (Stephen Kusnetz of counsel), for Defendants.

Aaron D. Maslow, J.

The following numbered papers submitted on the NYSCEF efiling case folder herein were considered:
Doc No. 73: Plaintiffs' Motion in Limine
Doc No. 74: Isa Muhammad's Criminal History Report
Doc No. 83: Defendants' Opposition
This is an action to recover economic and non-economic losses by Plaintiffs Isa Muhammad ("Muhmmad") and Shoy Grant ("Grant"), wherein they allege personal injuries as well as Muhammad's future medical expenses proximately resulting from a motor vehicle accident on September 6, 2018. On this date, Grant was a front seat passenger in a vehicle owned and operated by Muhammad at the intersection of Ralph Avenue and Tilden Avenue in Kings County, when their vehicle was rear-ended by a van owned by company defendant, Right Price General Construction Corp. ("Right Price") and operated by Defendant Kevin Price ("Price").
The accident in question occurred when Plaintiffs' vehicle was stopped at a red light and Defendants' van drove into Plaintiffs' rear.
The liability phase of this action concluded on September 23, 2021, when summary judgment on liability was granted to Plaintiffs. Thus, the only issue remaining for trial, scheduled to commence this morning, is the issue of Plaintiffs' damages. Before the Court is a motion in limine concerning the relevance of a thirty-two-year-old felony conviction of Plaintiff [*2]Muhammad. This decision and order determines it.
On March 30, 2024, Plaintiffs submitted a written motion in limine to preclude cross-examination questions referencing the prior conviction of Plaintiff Muhammad. The conviction in question is a thirty-two-year-old conviction for the attempted sale of controlled substance (see PL 220.39). At the time of his sentencing, Muhammad applied for a Certificate of Relief from Disabilities ("CRD"), which was granted. Since the 1992 conviction, Mr. Muhammad has not had any other contacts with the criminal justice system. Plaintiffs argue that any such reference of this prior conviction should not be admissible on cross-examination because of its prejudicial nature.
In New York, "all evidence is admissible unless its admission violates some exclusionary rule" (People v Frumusa, 29 NY3d 364, 370 [2017]). However, as Plaintiffs' counsel argues, the trial court has discretion in determining whether the probative value of such admissible evidenceis is substantially "outweighed by the danger it will unfairly prejudice the other side or mislead the jury" (People v Scarola, 71 NY2d 769, 777 [1988]). If the trial court determines that the evidence's prejudicial nature outweighs its utility for the factfinder, then, the trial court may choose to exclude it on that basis.
Under cross-examination, "the general rule [is] that a witness may be cross examined with respect to specific immoral, vicious, or criminal acts which have a bearing on the witness's credibility" (Badr v Hogan, 75 NY2d 629, 634 [1990]). Plaintiffs notes that the nature and extent of a cross-examination is within the discretion of the Court, but any such questioning must have a tendency to show moral turpitude to be credible for relevancy's sake (see id.). Mainly, Plaintiffs' counsel relies on People v Sandoval (34 NY2d 371 [1974]) in their argument to exclude Mr. Muhammad's prior conviction. Sandoval's balancing test weighs the evidence's "probative value of such proof and the danger of prejudice which it presents to an accused" (id. at 375). Plaintiffs further note that Sandoval has stated that "a lapse of time" between the prior conviction and the current charge would affect "the materiality, if not the relevance of the conduct" (id. at 376).
In opposition, Defendants argue that prior convictions which are remote in time are not automatically barred from usage on cross-examination. In furthering their argument, Defendants cite to CPLR 4513 which states that an individual convicted of a crime is a competent witness and may be asked such questions relating to the conviction on the record (see CPLR 4513). Defendants cite to Murphy v Estate of Vece (173 AD2d 445 [2d Dept 1991]), in which the Appellate Division held that a witness may be questioned about a prior criminal act, "which may affect the witness's character and show the witness is unworthy of belief, provided the inquiry is made in good faith and there is a reasonable factual basis for it" (id. at 446). Defendants note that while a lapse in time may affect the usage of the conviction in the cross-examination, it would still be within the trial court's discretion to allow the impeachment of a witness (see People v Sandoval, 34 NY2d 371; Murphy v Estate of Vece, 173 AD2d at 445.)
Based upon the foregoing review of case law and the Court's review of the filed papers pertaining to this motion in limine, it is evident that Defendants seek to offer evidence of Mr. Muhammad's prior conviction for its prejudicial nature. "While a civil litigant is granted broad authority to use the criminal convictions of a witness to impeach the credibility of that witness, the nature and extent of cross-examination, including with respect to criminal convictions, remains firmly within the discretion of the trial court" (see Ubiles v Halliwell Kemp, 167 AD3d 1511 [4th Dept 2018]).
In performing a Sandoval balancing test, the Court finds that the inclusion of the criminal conviction would be unfairly prejudicial for Mr. Muhammad's case. In reviewing the filed papers, said Plaintiff's thirty-three-year-old felony conviction lacks any similarity to the motor vehicle accident. Moreover, there is a substantial lapse of time between both incidents which speaks to the lack of relevance of the conviction in the present action. (See People v Sandoval, 34 NY2d at 371).
As such, any questioning regarding the conviction would be improper as the questioning's only purpose would be to imply that Plaintiff Muhammad is "of a criminal bent or character" (id. at 377). Due to the thirty-three-year gap between the two unconnected events, the Court determines that the 1992 conviction is a remote matter and not relevant to the case athand, and therefore, its inclusion could only serve to "deprive [P]laintiff of a fair trial" (Gorman v Gorman, 36 AD2d 767, 767 [2d Dept 1971)]).
Accordingly, Plaintiffs' motion in limine to exclude evidence regarding the prior conviction of Isa Muhammad is GRANTED.
THE FOREGOING CONSTITUTES THE DECISION AND ORDER OF THIS COURT.
Dated: April 1, 2024
Brooklyn, New York
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York